## WENNER & CO. *vs.* THOMAS LINDSAY.

APPEAL FROM DECISION OF BICKERTON, J.

JULY TERM, 1887.

JUDD, C.J., McCULLY, PRESTON and BICKERTON, JJ.     FORNAN-
DER, J., absent.

ACTION OF REPLEVIN FOR A DIAMOND RING.

One McL. came to plaintiff's shop and told plaintiff that he had a
customer for plaintiff, and could sell the ring in question for $300.

Plaintiff gave the ring to McL. and told him to bring the plain-
tiff $300.  In a few days McL. called, said the ring was sold,
and he would get the money in a few days; he said on several
occasions that the money was all right.  He was to return the
ring in a few days ; had he brought the plaintiffs the $300, no in-
quiry would have been made.

The defendant, a watchmaker and jeweller, purchased the ring from
McL. in good faith and exposed it for sale in his window.

Held, that although a person intrusted simply with the possession of
property, with no power to sell or pass title, cannot give title to
the property even to a *bona-fide* purchaser for value: yet McL.
had the right to sell the ring in question.

Decision appealed from affirmed.

OPINION OF THE COURT, BY PRESTON, J.

This is an action of replevin for a diamond ring valued at
$200, and was originally brought in the Police Court, Honolulu,
when judgment was rendered for the defendant.

The plaintiff appealed to a Justice of the Supreme Court, and
the appeal was heard by Bickerton, J., who affirmed the decis-
ion of the Court below, holding that "McLaughlin had the right
and the authority to dispose of and sell the ring in question."
The plaintiff appealed from this decision on the ground that
such finding was erroneous and on other points involved in the
findings of the said Justice.

It appears from the testimony of A. Wenner, one of the plaintiffs, that one J. T. McLaughlin came to the plaintiff's shop and told plaintiff that he had a customer for plaintiff, and could sell the ring in question for $300; that plaintiff gave the ring to McLaughlin and told him to bring $300. In a few days McLaughlin came and said the ring was sold and he would get the money in a few days; he called several times and said the money was all right. McLaughlin was to return the ring in a few days; had he brought plaintiff the $300, he, the plaintiff, would not have made any inquiry about it.

The defendant, who is a watchmaker and jeweller in Honolulu, purchased the ring from McLaughlin in good faith, and exposed it for sale in his window, where it was seen and demanded by plaintiff.

At the hearing before us it was contended that McLaughlin was merely a bailee of the ring for the plaintiff and had no power to dispose of it to the defendant, or that at most he was a special agent for the plaintiff to sell the ring at a certain price; and that the defendant was bound to ascertain the terms of the agency or take the risk of having the sale avoided by the plaintiff; that the mere possession of the ring, and sale thereof, gave no title to the defendant as against the true owner.

We are of opinion that although a person intrusted simply with the possession of personal property, with no power to sell or pass title, cannot give title to the property even to a *bona-fide* purchaser for value: yet we agree with the learned Judge, who heard the case on appeal, that McLaughlin had the right and authority to sell the ring in question, and therefore confirm his decision.

The appeal is dismissed with costs.

*W. A. Kinney*, for plaintiff.

*Ashford & Ashford*, for defendant.